Carolyn H. Cottrell (SBN 166977)
Ori Edelstein (SBN 268145)
Eugene Zinovyev (SBN 267245)
**SCHNEIDER WALLACE
COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
ezinovyev@schneiderwallace.com

*Attorneys for Plaintiff and the putative Class*

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNDA TYLER, on behalf of herself and the putative Class Members, <br><br> Plaintiff, <br><br> vs. <br><br> TAILORED SHARED SERVICES, LLC <br><br> Defendant, | Case No. 24-cv-00390 <br><br> **CLASS ACTION COMPLAINT FOR VIOLATIONS OF:** <br><br> **(1) Failure to Pay Minimum Wages for All Hours Worked (Cal. Lab. Code §§ 1182.12, 1194, 1197, 1197.1, and 1198);** <br> **(2) Failure to Pay Overtime Wages (Cal. Lab. Code § 510);** <br> **(3) Failure to Provide and/or Make Available Meal Periods (Cal. Lab. Code §§ 226.7 and 512);** <br> **(4) Failure to Authorize and Permit Rest Periods (Cal. Lab. Code § 226.7);** <br> **(5) Failure to Provide Timely and Accurate Itemized Wage Statements (Cal. Lab. Code §§ 226 and 226.3);** <br> **(6) Failure to Reimburse Business Expenditures (Cal. Lab. Code § 2802);** <br> **(7) Waiting Time Penalties (Cal. Lab. Code §§ 201-203); and** <br> **(8) Unlawful Business Practices (Cal. Bus. & Prof. Code §§ 17200, *et seq.*).** <br><br> **DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1.      Plaintiff Lynda Tyler ("Plaintiff") brings this class action on behalf of herself and other similarly situated individuals against Tailored Shared Services, LLC. ("Tailored" or "Defendant").

2.      This action stems from Defendant's policies and practices of: (1) failing to pay Plaintiff and putative Class Members minimum wage for all hours worked; (2) failing to pay Plaintiff and putative Class Members overtime wages; (3) failing to provide or make available to Plaintiff and putative Class Members the meal periods to which they are entitled by law, and failing to pay premium compensation payment for non-compliant meal breaks; (4) failing to authorize and permit rest periods, and failing to pay premium compensation payment for non-compliant rest periods; (5) failing to provide Plaintiff and putative Class Members with accurate, itemized wage statements; (6) failing to reimburse Plaintiff and putative Class Members for business expenditures; (7) failing to timely pay all wages upon separation from employment to Plaintiff and putative Class Members; (8) and engaging in unfair business practices.

3.      As a result of the violations stated herein, Plaintiff, on behalf of herself and putative Class Members, seeks compensation, damages, penalties, and interest to the full extent permitted by the California Labor Code and Industrial Welfare Commission ("IWC") Wage Orders, as well as other relief requested herein.

4.      Finally, Plaintiff seeks reasonable attorneys' fees and costs under the Cal. Lab. Code and Cal. Code Civ. Proc. § 1021.5.

## SUBJECT MATTER JURISDICTION AND VENUE

5.      This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6.      Currently, and at the time of the filing of this action, this Court also has federal diversity jurisdiction pursuant to 28 U.S.C. § 1332, as the parties are completely diverse in citizenship and the amount in controversy for Plaintiff's claims

each exceed the sum or value of $75,000.

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b). Plaintiff was employed in this District and the claims asserted arose in this District. At all material times Defendants have been actively conducting business in the State of California and within the geographic area encompassing the Eastern District of the State of California.

## PARTIES

8.      Plaintiff Lynda Tyler is an individual over the age of eighteen, and at all times mentioned in this Complaint was a resident of the State of California.

9.      Plaintiff was employed by Defendant as a Store Lead from approximately June 27, 2023, to January 25, 2024. Plaintiff worked for Defendants in Redding, California.

10.     Plaintiff is informed, believes, and thereon alleges that Tailored Shared Services, LLC is a Delaware corporation headquartered in Houston, Texas. Tailored is registered to do business in California, does business in California and employs and/or employed hourly, non-exempt employees, including Plaintiff and the putative Class Members in California. Tailored may be served with process by serving its registered agent, CT Corporation System, 330 N. Brand Boulevard, Glendale, California 91203.

11.     Plaintiff is informed, believes, and thereon alleges that Defendant employs and/or employed Plaintiff and putative Class Members because Defendant, directly or indirectly, control the employment terms, including pay practices of Plaintiff and putative Class Members.

12.     Plaintiff is informed, believes, and thereon alleges that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, Defendant, acting through their agents and/or employees, and/or under the direction and control of each of the other, and that said acts and failures to act were within the course and scope of said agency, employment, and/or direction and control.

13.     Plaintiff is informed, believes, and thereon alleges that Defendant directly controls the operations of their agents, managers, and employees throughout all of their locations in California.

14.     Plaintiff is informed, believes, and thereon alleges, that Defendant is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

15.     At all material times, Defendant has done business under the laws of California, has places of business in California, including in the jurisdiction of this court, and has employed putative Class Members in this County of Sacramento and elsewhere in California. Defendant is a "person" as defined in Cal. Lab. Code § 18 and an "employer" as that term is used in the Cal. Lab. Code, the IWC Wage Orders regulating wages, hours, and working conditions, and the Cal. Bus. & Prof. Code § 17201.

## **FACTUAL ALLEGATIONS**

16.     Upon information and belief, Tailored Brands is a leading retailer delivering personalized products and services through its convenient network of stores and ecommerce sites. Defendant has more than 1,000 stores across all brands, the company's brands include leading menswear retailers – Men's Wearhouse, Jos. A. Bank, Moores, and K&G Fashion Superstore. Plaintiff is informed, believes, and thereon alleges that Defendant employs hundreds of hourly, non-exempt workers similarly situated to Plaintiff in California.

17.     Plaintiff worked for Defendant as a Store Lead in Redding, California from approximately June 27, 2023, until January 25, 2024. Plaintiff was classified as an hourly, non-exempt employee and was paid an hourly rate of $20 per hour.

18.     Plaintiff is informed, believes, and thereon alleges that Defendant employs and has employed hundreds of hourly, non-exempt workers similarly situated to Plaintiff in California.

19.     Although Plaintiff's shifts varied in length, Plaintiff usually works

approximately eight (8) hours or more per shift, for approximately five (5) or more shifts per week. Plaintiff's weekly hours vary, but on average, Plaintiff works approximately forty (40) hours per week, or more.

20. Defendant regularly fails to provide Plaintiff and putative Class Members with compliant meal periods. Defendant's policies, practices, and procedures prevent Plaintiff and putative Class Members from taking their required 30-minute meal period prior to their fifth hour of work. Defendant requires Plaintiff and Class Members to get management approval before taking a meal period. Until getting approval from management, Class Members must continue to attend customers until relieved by a member of management. This requirement results in employees taking their meal period after their fifth hour of work at least twice per week. Further, due to a lack of available coverage, employees work an entire shift without a 30-minute meal period, at least twice per month. Additionally, Class Member meal periods are interrupted to attend unassisted customers in Defendant's retail location. Class Members are not provided with meal period premium pay for late, skipped, or interrupted meal periods. As a result, Plaintiff and Class Members are not provided with duty-free, uninterrupted meal periods by the end of their fifth hour of work.

21. For each day Plaintiff and putative Class Members work shifts of more than ten hours, Defendant systematically denies Plaintiff and putative Class Members with a full, uninterrupted, or otherwise compliant second meal break. Plaintiff and putative Class Members do not receive requisite premium payments for these missed second meal breaks.

22. Defendant also does not provide or make available timely rest breaks to Plaintiff and putative Class Members. Defendant requires Plaintiff and putative Class Members to continue assisting customers throughout their shift and does not provide the opportunity to take a rest break. Thus, employees must remain on duty during their 10-minute rest periods by continuing to attend to customers of the Defendant.

23. When Plaintiff and putative Class Members do attempt to take a rest

break, such rest breaks are untimely and/or shortened. As a result, Plaintiff and putative Class Members are not provided duty-free, uninterrupted, and timely ten-minute rest breaks during which they should be completely relieved of any duty.

24. Plaintiff is informed, believes, and thereon alleges that Defendant utilizes and applies these meal and rest break policies and practices across all Defendant's facilities throughout California.

25. Defendant's common course of wage-and-hour abuse also includes routinely failing to maintain accurate records of the hours worked by Plaintiff and putative Class Members. In particular, Defendant has failed to record all hours worked by Plaintiff and putative Class Members, including overtime. Defendant's failure to record all hours worked, and failure to provide compliant meal breaks also results in a failure to provide putative Class Members, including Plaintiff, accurate itemized wage statements as required by California law. The wage statements Defendant provides are not accurate because they do not reflect payment for all hours worked, including minimum wage and overtime compensation, and premium pay for missed meal breaks, and second meal breaks.

26. Additionally, Plaintiff and putative Class members did not receive all wages during employment and following separation from employment, including minimum wage and overtime compensation, payments for work performed during meal breaks, as well as premium payments for noncompliant missed meal breaks, and second meal breaks.

27. As a matter of common policy and/or practice, Defendant fails to provide Plaintiff and Class Members reimbursement for all necessary expenditures or losses incurred by Plaintiff and Class Members in direct consequence of the discharge of their duties, or as a result of their obedience to the directions of Defendant. Defendant systematically requires Plaintiff and Class members to utilize their own personal cell phones in performance of their work duties, including to respond to or communicate to managers/supervisors regarding work-related messages. Additionally, Defendant

requires Plaintiff and Class Members to use their personal vehicles to make cash deposits on behalf of Defendant. Defendant does not reimburse Plaintiff and Class Members for such expenses.

28. On information and belief, putative Class Members report to facilities owned, operated, or managed by Defendant to perform their jobs.

29. On information and belief, putative Class Members perform their jobs under Defendant supervision using materials and technology approved and supplied by Defendant.

30. On information and belief, putative Class Members are required to follow and abide by Defendant's common work, time, and pay policies and procedures in the performance of their jobs.

31. On information and belief, at the end of each pay period, putative Class Members receive wages from Defendant that are determined by common systems and methods that Defendant selects and controls.

32. On information and belief, Defendant pays putative Class Members on an hourly rate basis.

33. On information and belief, Defendant's method of paying Plaintiff and putative Class Members is willful and not based on a good faith and reasonable belief that their conduct complied with California law.

34. On information and belief, Defendant's unlawful conduct has been widespread, repeated, and consistent throughout Defendant's California locations.

35. Defendant knows or should know that their policies and practices are unlawful and unfair.

36. Defendant's conduct is willful, carried out in bad faith, and causes significant damages to non-exempt hourly employees in an amount to be determined at trial.

## RULE 23 CLASS ACTION ALLEGATIONS

37. Plaintiff realleges and incorporates the foregoing paragraphs as though

fully set forth herein.

38.     Plaintiff brings this case as a class action on behalf of herself and all others similarly situated pursuant to Fed. R. Civ. P. 23(a).  The putative Class that Plaintiff seeks to represent is defined as follows:

> **All current and former hourly and/or non-exempt employees of Tailored Shared Services LLC in California who worked for Defendant at any time during the time period starting 4 years prior to the filing of this Complaint until the resolution of this action ("the putative Class").**

39.     This action has been brought and may properly be maintained as a class action because there is a well-defined community of interest in the litigation and the putative class is ascertainable.

a.     **Numerosity**: The potential members of the putative Class as defined are so numerous that joinder of all the members of the putative Class is impracticable.

b.     **Commonality**: There are questions of law and fact common to Plaintiff and the putative Class that predominate over any questions affecting only individual members of the putative Class.  These common questions of law and fact include, but are not limited to:

i.     Whether Defendant fails to compensate putative Class Members for all hours worked, including minimum wages and overtime compensation, in violation of the Cal. Lab. Code and Wage Orders 4 and 7;

ii.     Whether Defendant fails to make available and/or provide putative Class Members with compliant meal periods to which they are entitled in violation of Cal. Lab. Code and Wage Orders 4 and 7;

iii.     Whether Defendant fails to authorize and permit, make available, and/or provide Class Members with compliant rest

1   periods to which they are entitled in violation of Cal. Lab. Code

2   and Wage Orders 4 and 7;

3   iv.  Whether Defendant fails to provide putative Class Members

4   with timely, accurate itemized wage statements in violation of

5   the Cal. Lab. Code and Wage Orders 4 and 7;

6   v.   Whether Defendant fails to fully reimburse putative Class

7   Members for all necessary business expenses made for the

8   benefit of Defendant, in violation of the Cal. Lab. Code and

9   Wage Orders 4 and 7;

10  vi.  Whether Defendant fails to pay to provide putative Class

11  Members with all wages owed upon separation of employment

12  in violation of the Cal. Lab. Code and Wage Orders 4 and 7;

13  vii. Whether Defendant violates Cal. Bus. & Prof. Code §§ 17200,

14  *et seq*., by:

15  (a) failing to compensate putative Class Members for all

16  hours worked, including at minimum wages and

17  overtime compensation;

18  (b) failing to compensate putative Class Members for all

19  overtime premiums;

20  (c) failing to authorize and permit, make available, and/or

21  provide putative Class Members compliant meal and rest

22  periods to which they are entitled;

23  (d) failing to provide putative Class Members with timely,

24  accurate itemized wage statements; and

25  (e) failing to provide putative Class Members with all wages

26  owed upon separation of employment.

27  viii. The proper formula for calculating restitution, damages, and

28  penalties owed to Plaintiff and the putative Class as alleged

herein.

c. **Typicality:** Plaintiff's claims are typical of the claims of the Class. Defendant's common course of conduct in violation of law as alleged herein has caused Plaintiff and putative Class Members to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the Class.

d. **Adequacy of Representation**: Plaintiff is a member of the putative Class, does not have any conflicts of interest with other putative Class Members, and will prosecute the case vigorously on behalf of the putative Class. Counsel representing Plaintiff is competent and experienced in litigating large employment class actions, including wage and hour cases. Plaintiff will fairly and adequately represent and protect the interests of the Class Members.

e. **Superiority of Class Action**: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all putative Class Members is not practicable, and questions of law and fact common to the putative Class predominate over any questions affecting only individual members of the putative Class. Each putative Class member has been damaged and is entitled to recovery by reason of Defendant's illegal policies and/or practices. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

40. The putative Class may also be certified because the prosecution of separate actions by the individual members of the putative Class would create a risk of inconsistent or varying adjudication with respect to individual members of the putative Class, and, in turn, would establish incompatible standards of conduct for Defendant.

41.    If each individual putative Class Member were required to file an individual lawsuit, Defendant would necessarily gain an unconscionable advantage because Defendant would be able to exploit and overwhelm the limited resources of each member of the putative Class with Defendant's vastly superior financial legal resources.

42.    Requiring each individual putative Class Member to pursue an individual remedy would also discourage the assertion of lawful claims by the putative Class Members who would be disinclined to pursue these claims against Defendant because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers, and well-being.

## **FIRST CAUSE OF ACTION**

### **Failure to Pay Minimum Wages for All Hours Worked**

### **Pursuant to Cal. Lab. Code §§ 1182.12, 1194, 1197, 1197.1, and 1198**

### **(On Behalf of Plaintiff and Putative Class Against Defendant)**

43.    Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

44.    During the applicable statutory period, Cal. Lab. Code §§ 1182.12, 1194, and 1197, 1197.1, 1198 and IWC Wage Orders No. 4-2001(4) and 7-2001(4) were in full force and effect, and required that Defendant's hourly employees receive the minimum wage for all hours worked irrespective of whether nominally paid on a piece rate, or any other basis,; at the rate of eleven dollars ($11.00) per hour commencing January 1, 2018; at the rate of twelve dollars ($12.00) per hour commencing January 1, 2019; at the rate of thirteen dollars ($13.00) per hour commencing January 1, 2020; at the rate of fourteen dollars ($14.00) commencing January 1, 2021; at the rate of fifteen dollars ($15.00) commencing January 1, 2022; and at the rate of fifteen dollars and fifty cents ($15.50) commencing January 1, 2023.

45.    Cal. Lab. Code § 1197.1 provides, in relevant part:

(a) Any employer or other person acting either individually or as an

officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an applicable state or local law, or by an order of the commission, shall be subject to a civil penalty, restitution of wages, liquidated damages payable to the employee, and any applicable penalties imposed pursuant to Section 203 as follows: (1) For any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid. This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203. (2) For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed. This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203. (3) Wages, liquidated damages, and any applicable penalties imposed pursuant to Section 203, recovered pursuant to this section shall be paid to the affected employee.

46.    Cal. Lab. Code §1194 states:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

47.    IWC Wage Orders 4-2001(2)(K) and 7-2001(2)(H) defines hours worked as "the time during which an employee is subject to the control of an employer and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

48.    Cal. Lab. Code § 1198 makes it unlawful for employers to employ employees under conditions that violate the Wage Orders.

49.    Cal. Lab. Code §1194.2 provides that, in any action under Section 1194 to recover wages because of the payment of a wage less than minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

50.    Defendant willfully engaged in and continues to engage in a policy and

practice of not compensating Plaintiff and putative Class Members for all hours worked, including minimum wage, or spent in Defendant's control.

51.     Plaintiff and putative Class Members are denied minimum wage compensation, which they are lawfully owed pursuant to Cal. Lab. Code § 1182.12.

52.     Defendant fails to track Plaintiff and putative Class Members' actual hours worked, and consequently fails to pay Plaintiff and putative Class Members for all hours worked, including minimum wage. In violation of California law, Defendant knowingly and willfully refuses to perform their obligations to provide Plaintiff and putative Class Members with at least minimum wage compensation for all time worked.

53.     Therefore, Defendant has committed, and continues to commit, the acts alleged herein knowingly and willfully, and in conscious disregard of the Plaintiff and putative Class Members' rights. Plaintiff and putative Class Members are thus entitled to recover nominal, actual, and compensatory damages, plus interest, attorneys' fees, expenses, and costs of suit.

54.     Defendant has maintained policies and procedures which create a working environment where hourly employees are routinely compensated at a rate that is less than the statutory minimum wage.

55.     As a direct and proximate result of the unlawful acts and/or omissions of Defendant, Plaintiff and putative Class Members have been deprived of minimum wages in an amount to be determined at trial, and are entitled to a recovery of such amount, plus liquidated damages, plus interest thereon, attorneys' fees, and costs of suit pursuant to Cal. Lab. Code §§ 1194, 1194.2, and 1197.1.

56.     Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

## SECOND CAUSE OF ACTION

### Failure to Pay Overtime Wages

### Pursuant to Cal. Lab. Code § 510

### (On Behalf of Plaintiff and Putative Class Against Defendant)

57.     Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

58.     Defendant does not compensate Plaintiff and putative Class Members at the appropriate overtime rate, as required by California law.

59.     Cal. Lab. Code § 510 provides, in pertinent part, that:

Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

60.     The IWC Wage Orders 4-2001(3)(A)(1) and 7-2001(3)(A)(1) states:

The following overtime provisions are applicable … employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than: . . . One and one-half (1 ½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and … [d]ouble the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

61.     Cal. Lab. Code § 1194(a) provides that:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

62.     Cal. Lab. Code § 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation." All such wages are subject to California's overtime requirements, including those set forth above.

63.     Plaintiff and putative Class Members work overtime hours for Defendant without being paid overtime premiums, or when paid overtime premiums not being paid at the appropriate rate in violation of the Cal. Lab. Code, the applicable IWC Wage Order, and other applicable law.

64.     Defendant has knowingly and willfully refused to perform their obligation to provide Plaintiff and putative Class Members with premium wages for all overtime work. As a proximate result of the aforementioned violations, Defendant has damaged Plaintiff and putative Class Members in amounts to be determined according to proof at time of trial.

65.     Defendant is liable to Plaintiff and putative Class Members alleged herein for the unpaid overtime and civil penalties, with interest thereon. Furthermore, Plaintiff is entitled to an award of attorneys' fees and costs as set forth below.

66.     Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

### THIRD CAUSE OF ACTION

**Failure to Provide and/or Make Available Meal Periods**

**Pursuant to Cal. Lab. Code §§ 226.7 and 512**

**(On Behalf of Plaintiff and the Putative Class Against Defendant)**

67.     Plaintiff realleges and incorporates the foregoing paragraphs at though

fully set forth herein.

68.     Defendant routinely fails to provide or make available compliant meal periods to Plaintiff and putative Class Members.

69.     Defendant policies prohibits Plaintiff and putative Class Members from taking their off-duty meal period without management approval. Thus, Class Members will regularly take their meal period after their fifth hour of work. Plaintiff and Class Members do not receive the requisite premium pay for their non-compliant meal breaks as required by California law.

70.     Cal. Lab. Code §§ 226.7 and 512 and the applicable Wage Order require Defendant to provide or make available meal periods to its employees. Cal. Lab. Code §§ 226.7 and 512 and the Wage Orders prohibit employers from employing an employee for more than five (5) hours without a meal period of not less than thirty (30) minutes, and from employing an employee more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes.

71.     Unless the employee is relieved of all duty during the thirty-minute meal period, the employee is considered "on duty" and the meal period is counted as time worked under the applicable Wage Orders 4-2001(11)(A) and 7-2001(11)(C).

72.     Under Cal. Lab. Code § 226.7(b) and the applicable Wage Order, an employer who fails to provide or make available a required meal period must, as compensation, pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period was not provided or made available.

73.     Despite these requirements, Defendant has knowingly and willfully refused to perform their obligation to provide or make available to Plaintiff and putative Class Members the ability to take the off-duty meal periods to which they are entitled.

74.     Defendant has also failed to properly pay Plaintiff and putative Class

Members one (1) hour of pay for each day an off-duty second meal period was denied. Defendant's conduct described herein violates Cal. Lab. Code §§ 226.7 and 512. Therefore, pursuant to Cal. Lab. Code § 226.7(b), Plaintiff and putative Class Members are entitled to compensation for the failure to provide or make available second meal periods, plus interest, attorneys' fees, expenses and costs of suit.

75. As a proximate result of the aforementioned violations, Plaintiff and putative Class Members have been damaged in an amount according to proof at time of trial.

76. Wherefore, Plaintiff and putative Class Members request relief as hereinafter provided.

### FOURTH CAUSE OF ACTION

**Failure to Authorize and Permit Rest Periods**

**Pursuant to Cal. Lab. Code § 226.7**

**(On Behalf of Plaintiff and Putative Class Against Defendant)**

77. Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

78. Defendant routinely fails to authorize and permit rest periods to Plaintiff and putative Class Members.

79. Cal. Lab. Code § 226.7 and the applicable Wage Order require employers to authorize and permit employees to take ten (10) minutes of net rest time per four (4) hours or major fraction thereof of work, and to pay employees their full wage during those rest periods.

80. Under Cal. Lab. Code § 226.7(b) and IWC Wage Orders 4-2001(12)(B) and 7-2001(12)(B), an employer who fails to provide or make available a required rest period must, as compensation, pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period was not provided or made available.

81. Despite these requirements, Defendant knowingly and willfully refused

to perform their obligations to authorize or permit Plaintiff and putative Class Members the ability to take the off-duty rest periods to which they are entitled.

82.    Defendant also fails to pay Plaintiff and putative Class Members one (1) hour of pay for each day an off-duty rest period was denied. Defendant's conduct described herein violates Cal. Lab. Code § 226.7. Therefore, pursuant to Cal. Lab. Code § 226.7(b), Plaintiff and putative Class Members are entitled to compensation for the failure to authorize and permit rest periods, plus interest, attorneys' fees, expenses, and costs of suit.

83.    As a proximate result of the aforementioned violations, Plaintiff and putative Class Members have been damaged in an amount according to proof at time of trial.

84.    Wherefore, Plaintiff and putative Class Members request relief as hereinafter provided.

## FIFTH CAUSE OF ACTION

### Failure to Provide Accurate Itemized Wage Statements

### Pursuant to Cal. Lab. Code §§ 226, 226.3, and 226.6

### (On Behalf of Plaintiff and Putative Class Against Defendant)

85.    Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

86.    Defendant does not provide Plaintiff and putative Class Members with accurate itemized wage statements as required by California law.

87.    Cal. Lab. Code § 226(a) provides that:

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned

and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least four years at the place of employment or at a central location within the State of California.

88.    The IWC Wage Order also establishes this requirement. (*See* IWC Wage Orders 4-2001(7)(B) and 7-2001(7)(B)).

89.    Cal. Lab. Code § 226.3 provides, in relevant part:

Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226.

90.    Cal. Lab. Code 226.6 provides, in relevant part:

Any employer who knowingly and intentionally violates the provisions of Section 226, or any officer, agent, employee, fiduciary, or other person who has the control, receipt, custody, or disposal of, or pays, the wages due any employee, and who knowingly and intentionally participates or aids in the violation of any provision of Section 226 is guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than one thousand dollars ($1,000) or be imprisoned not to exceed one year, or both, at the discretion of the court.

91.    Cal. Lab. Code § 226(e) provides:

An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not

exceeding an aggregate penalty of four thousand dollars ($4,000) and is entitled to an award of costs and reasonable attorney's fees.

92.     Defendant does not provide timely, accurate itemized wage statements to Plaintiff and putative Class Members in accordance with Cal. Lab. Code § 226(a) and the IWC Wage Orders. The wage statements Defendant provides their employees, including Plaintiff and putative Class Members, do not accurately reflect all hours actually worked, actual gross wages earned and/or actual net wages earned, including minimum wages and overtime, and the resulting violations described herein. In addition, the wage statements Defendant provide do not include premium pay for missed meal periods.

93.     Defendant is liable to Plaintiff and the putative Class Members for the amounts described above in addition to the civil penalties set forth below, with interest thereon.  Furthermore, Plaintiff is entitled to an award of attorneys' fees and costs as set forth below, pursuant to Cal. Lab. Code § 226(e).

94.     Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

### SIXTH CAUSE OF ACTION

**Failure to Reimburse for Necessary Business Expenses**

**Pursuant to Labor Code § 2802**

**(On Behalf of Plaintiff and Putative Class Against Defendant)**

95.     Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

96.     Cal. Lab. Code § 2802 provides, in relevant part:

An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful. … For the purposes of this section, the term "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section.

97. Defendant regularly requires Plaintiff and Class Members to use their personal cell phones for job related phone calls and text messages. The Defendant does not reimburse Plaintiff and Class Members for these necessary expenditures or losses incurred by Plaintiff and putative Class Members.

98. Defendant is liable to Plaintiff and Class members for the unreimbursed expenses and penalties, with interest thereon.

99. As a proximate result of the aforementioned violations, Plaintiff and the Class have been damaged in an amount according to proof at time of trial. Plaintiff and the Class are also entitled to recover penalties, interest, attorneys' fees, expenses, costs of suit, and/or other relief pursuant to statute.

100. Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

## SEVENTH CAUSE OF ACTION

### Waiting Time Penalties

### Pursuant to Cal. Lab. Code §§ 201-203

### (On Behalf of Plaintiff and Putative Class Against Defendant)

101. Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

102. Defendant does not provide putative Class Members with their wages when due under California law after their employment with Defendant ends.

103. Cal. Lab. Code § 201 provides: "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

104. Cal. Lab. Code § 202 provides:

If an employee not having a written contract for a definite period quits his or her employment, his or him wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

105. Cal. Lab. Code § 203 provides, in relevant part:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

106. Plaintiff and some of the putative Class members left their employment with Defendant during the statutory period, at which time Defendant owed them unpaid wages. These earned, but unpaid, wages derive from unpaid meal premiums earned for time spent working for the benefit of Defendant while not being provided with complaint meal periods.

107. Defendant willfully refuses and continues to refuse to pay Plaintiff and putative Class members all the wages that are due and owing to them for the work performed and the resulting premium payments for missed meal periods upon the end of their employment. As a result of Defendant's actions, Plaintiff and putative Class Members have suffered and continue to suffer substantial losses, including lost earnings, and interest.

108. Defendant's willful failure to pay Plaintiff and putative Class Members the wages due and owing them constitutes a violation of Cal. Lab. Code §§ 201-202. As a result, Defendant is liable to Plaintiff and proposed Class Members for all penalties owing pursuant to Cal. Lab. Code §§ 201-203.

109. In addition, Cal. Lab. Code § 203 provides that an employee's wages will continue as a penalty up to thirty days from the time the wages were due. Therefore, the Plaintiff and putative Class Members are entitled to penalties pursuant to Cal. Lab. Code § 203, plus interest.

110. Wherefore, Plaintiff and putative Class members request relief as hereinafter provided.

## EIGHTH CAUSE OF ACTION

### Violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*

### (On Behalf of Plaintiff and Putative Class Against Defendant)

111.    Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

112.    The UCL prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business acts or practices.

113.    Cal. Bus. & Prof. Code § 17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

114.    Cal. Lab. Code § 90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

115.    Beginning at an exact date unknown to Plaintiff, but at least since the date four years prior to the filing of this lawsuit, Defendant has committed acts of unfair competition as defined by the UCL, by engaging in the unlawful, unfair, and fraudulent business acts and practices described in this Complaint, including, but not limited to:

      a.    violations of Cal. Lab. Code §§ 225.5, 1182.12, 1194, 1997, 1197.1, 1198 and IWC Wage Orders 4-2001 and 7-2001 pertaining to payment of wages, including minimum wage, for all hours worked;

      b.    violations of Cal. Lab. Code § 510 and IWC Wage Orders 4-2001 and 7-2001 pertaining to overtime;

      c.    violations of Cal. Lab. Code §§ 226.7 and 512 and Wage Orders 4-2001 and 7-2001 pertaining to meal breaks;

      d.    violations of Cal. Lab. Code §§ 226.7 and Wage Orders 4-2001 and 7-2001 pertaining to rest breaks;

e. violations of Cal. Lab. Code § 2802 pertaining to reimbursement of business expenditures;

116. The violations of these laws and regulations, as well as of the fundamental California public policies protecting wages, serve as unlawful predicate acts and practices for purposes of Cal. Bus. & Prof. Code §§ 17200, *et seq*.

117. The acts and practices described above constitute unfair, unlawful, and fraudulent business practices, and unfair competition, within the meaning of Cal. Bus. & Prof. Code §§ 17200, *et seq*. Among other things, the acts and practices have taken from Plaintiff and the putative Class wages rightfully earned by them, while enabling Defendant to gain an unfair competitive advantage over law-abiding employers and competitors.

118. Cal. Bus. & Prof. Code § 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition.

72. As a direct and proximate result of the aforementioned acts and practices, Plaintiff and putative Class Members have suffered a loss of money and property, in the form of unpaid wages, which are due and payable.

119. Cal. Bus. & Prof. Code § 17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition. Plaintiff and putative Class Members are entitled to restitution pursuant to Cal. Bus. & Prof. Code § 17203 for all wages and payments unlawfully withheld from employees during the four-year period prior to the filing of this Complaint. Plaintiff's success in this action will enforce important rights affecting the public interest and, in that regard, Plaintiff sues on behalf of himself as well as others similarly situated. Plaintiff and putative Class Members seek and are entitled to unpaid wages, declaratory relief, and all other equitable remedies owing to them.

120. Plaintiff herein takes upon himself enforcement of these laws and lawful claims.

121. There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiff by forcing him to pay attorneys' fees from any recovery thereof. Attorneys' fees are appropriate pursuant to Cal. Code Civ. Procedure § 1021.5 and otherwise.

122. Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief as follows:

a. Damages and restitution according to proof at trial for all unpaid wages and other injuries, as provided by the Cal. Lab. Code and Cal. Bus. & Prof. Code;

b. For an equitable accounting to identify, locate, and restore to all current and former employees the wages they are due, with interest thereon;

c. For an order awarding Plaintiff and putative Class Members compensatory damages, including lost wages, earnings, liquidated damages, and other employee benefits, restitution, recovery of all money, actual damages, and all other sums of money owed to Plaintiff and putative Class Members, together with interest on these amounts, according to proof;

d. For an award of reasonable attorneys' fees as provided by the Cal. Lab. Code, including Cal. Code Civ. Proc. § 1021.5 and/or other applicable law;

e. For all costs of suit;

f. For interest as provided by applicable law; and

g. For such other and further relief as this Court deems just and proper.

Dated: May 13, 2024                    Respectfully Submitted,

Carolyn H. Cottrell
Ori Edelstein
Eugene Zinovyev
**SCHNEIDER WALLACE
COTTRELL KONECKY LLP**

*Attorneys for Plaintiff and the putative Class*

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff is entitled to a jury.

Dated: May 13, 2024

Respectfully Submitted,

Carolyn H. Cottrell
Ori Edelstein
Eugene Zinovyev
**SCHNEIDER WALLACE
COTTRELL KONECKY LLP**

*Attorneys for Plaintiff and the putative Class*