1  Carolyn H. Cottrell (SBN 166977)
2  Ori Edelstein (SBN 268145)
   Danielle A. Fuschetti (SBN 294064)
3  **SCHNEIDER WALLACE**
   **COTTRELL KONECKY LLP**
4  2000 Powell Street, Suite 1400
   Emeryville, California 94608
5  Telephone: (415) 421-7100
   Facsimile: (415) 421-7105
6  ccottrell@schneiderwallace.com
   oedelstein@schneiderwallace.com
7  dfuschetti@schneiderwallace.com

8
   *Attorneys for Plaintiff and the putative Class*
9

10 Cory D. Catignani (SBN 332551)
   **VORYS SATER SEYMOUR**
11 **AND PEASE LLP**
   4675 MacArthur Court, Suite 700
12 Newport Beach, CA 92660
   Telephone: (949) 526-7904
13 Facsimile: (949) 526-7904
   cdcatignani@vorys.com
14

15 *Attorneys for Defendant*
   TAILORED SHARED SERVICES, LLC
16

17  [Additional Counsel Listed Next Page]

18
                 **UNITED STATES DISTRICT COURT**
19               **EASTERN DISTRICT OF CALIFORNIA**

20

21 LYNDA TYLER, on behalf of herself      Case No. 2:24-cv-01374-KJM-DMC
   and the putative Class Members,
22                                         Hon. District Judge Kimberly J. Mueller
              Plaintiff,                   Hon. Magistrate Dennis M. Cota
23
         vs.
24                                         **AMENDED JOINT RULE 26(f)**
   TAILORED SHARED SERVICES,               **REPORT**
25 LLC

26            Defendant.                   Complaint Filed: May 13, 2024

27

28

Mia Farber (SBN 131467)
Mia.Farber@jacksonlewis.com
JACKSON LEWIS P.C.
725 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5408
Telephone: (213) 689-0404
Facsimile: (213) 689-0430

Benjamin J. Schnayerson (SBN 257857)
Ben.Schnayerson@jacksonlewis.com
JACKSON LEWIS P.C.
50 California Street, 9th Floor,
San Francisco, California 94111-4615
Telephone: (415) 394-9400
Facsimile: (415) 394-9401

Attorneys for Defendant
TAILORED SHARED SERVICES, LLC

Pursuant to Fed. R. Civ. P. 16(b) and 26(f), Civ. L.R. 240(a) of the United States District Court for the Eastern District of California, and the Court's Order, dated August 16, 2024 (Dkt. No. 13), Plaintiff Lynda Tyler ("Plaintiff") and Defendant Tailored Shared Services, LLC ("Defendant") submit this Amended Joint Scheduling Conference Statement.

On April 16, 2024, the Court held an initial scheduling conference. Following that conference, the Court issued an order that postponed scheduling of this matter until after the Court ruled on Defendant's motion to compel arbitration. The Court further ordered, "If the motion to compel arbitration is denied, the parties shall file an amended joint scheduling conference statement within 30 days of the District Judge's order. The Court will then set a further scheduling conference."

On November 26, 2024, the Court issued its order denying Defendant's motion to compel arbitration and stay the case.

## I. Nature of the Action

### A. Plaintiff's Position

Plaintiff brings this class action on behalf of herself and other similarly situated employees, to challenge Defendant's violations of wage and hour laws and other applicable laws of the State of California. Plaintiff and members of the putative Class are all current and former hourly and/or non-exempt employees of Tailored Shared Services, LLC in California who worked for Defendant at any time during the time period starting 4 years prior to the filing of this Complaint until the resolution of this action.

Plaintiff alleges that Defendant violated the Cal. Lab. Code, the Wage Orders, and the Cal. Bus. & Prof. Code by: (1) failing to pay Plaintiff and putative Class Members minimum wage for all hours worked; (2) failing to pay Plaintiff and putative Class Members overtime wages; (3) failing to provide or make available to Plaintiff and putative Class Members the meal periods to which they are entitled by law, and failing to pay premium compensation payment for non-compliant meal breaks; (4)

failing to authorize and permit rest periods, and failing to pay premium compensation payment for non-compliant rest periods; (5) failing to provide Plaintiff and putative Class Members with accurate, itemized wage statements; (6) failing to reimburse Plaintiff and putative Class Members for business expenditures; (7) failing to timely pay all wages upon separation from employment to Plaintiff and putative Class Members; (8) and engaging in unfair business practices.

### B. Defendant's Position

A notice of appeal of the order denying the motion to compel arbitration was filed on or about December 18, 2024. As a result, this action is automatically stayed. See, *Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023).

## II. Service of Process

The parties agree that all known parties have been served. Plaintiff reserves the right to name additional Defendants if discovery reveals that other entities need to be added in the future.

## III. Jurisdiction and Venue

Plaintiff filed this case in the Eastern District of California. Plaintiff contends this Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. At this time, Plaintiff contends this Court also has federal diversity jurisdiction pursuant to 28 U.S.C. § 1332.

Venue is proper in this district under 28 U.S.C. § 1391.

## IV. Joinder of Additional Parties and Amendment of Pleadings

At this time, the Parties do not anticipate adding more parties or needing to amend their pleadings but reserve the right to do so should the need arise in the course of litigation. The parties agree that the deadline to amend the pleadings should be governed by Fed. R. Civ. P. 15.

## V. Motions

There are currently no motions pending before the Court.

The parties believe it is premature to determine whether summary adjudication is appropriate. Plaintiff may file motions for summary judgment or summary adjudication.

Plaintiff anticipates filing a motion to certify the Class pursuant to Fed. R. Civ. P. 23.

The Parties agree that it is premature to schedule deadlines for the filing of these motions. The parties reserve the right to file other motions as appropriate, including with respect to discovery.

**Initial Disclosures**

Prior to the Rule 26(f) conference on July 19, 2024, Defendant objected to making initial disclosures. Accordingly, pursuant to Fed. R. Civ. P. 26(a)(1)(C), the parties have not exchanged initial disclosures.

**A. Discovery**

Discovery has not yet commenced.

Plaintiff intends to propound written discovery and to take the depositions of witnesses who have knowledge regarding the issues implicated in this lawsuit. Plaintiff believes that Class discovery, including a Class List and discovery regarding Class policies and practices, is necessary and appropriate not only to prepare for certification but also for establishing liability.

Once discovery commences, the parties are willing to enter into a stipulated protective order to facilitate the exchange of discovery. The parties are willing to have an opt-out notice sent to putative class members, as permitted in *Belaire-West Landscape v. Superior Court*, 149 Cal. App. 4th 554 (2007), allowing them the opportunity to opt out of having their names, addresses, and telephone numbers disclosed, prior to production of the Class List or any individually identifying information.

The parties will further meet and confer regarding the scope of ESI that is to be preserved and produced, as well as the format of production, if necessary. At this

time, the parties do not anticipate any abnormal issues pertaining to the preservation of electronically stored information. The parties reserve their right to object to requests for discovery of ESI on all applicable grounds for objection.

At this time, the parties are not aware of any issues regarding claims of privilege or of protection of trial-preparation materials. The parties agree to stipulate to a protective order regarding the production and use of confidential information and will submit that for approval by the Court.

At this time, the parties do not propose any changes in the limitations of discovery imposed by the Federal Rules of Civil Procedure or the local rules. The parties reserve the right to request any changes to the limitations imposed on discovery by the Federal Rules of Civil Procedure or the local rules.

The Parties agree that discovery conferences would be helpful in resolving discovery disputes that cannot be resolved informally between the Parties and reserve the right to request discovery conferences as issues arise.

Additionally, a notice of appeal of the order denying the motion to compel arbitration was filed on or about December 18, 2024. As a result, this action is automatically stayed. See, *Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023).

## VI. **The Avoidance of Unnecessary Proof and of Cumulative Evidence, and Limitations or Restrictions on the Use of Testimony Under Fed. R. Evid. 702**

The Parties do not propose any limitations or restrictions on the use of testimony at this time. The Parties reserve the right to bring *Daubert* motions, motions in limine, or motions to strike evidence, if necessary, at the appropriate time.

## VII. **The Possibility of Obtaining Admissions of Fact and of Documents That Will Avoid Unnecessary Proof, Stipulations Regarding the Authenticity of Documents, and Advance Rulings From the Court on the Admissibility of Evidence**

The Parties agree that stipulations to facts and regarding the authenticity of

1  documents may be useful and intend to meet and confer regarding appropriate
2  stipulations at appropriate times during and after the close of fact discovery. The
3  Parties agree that motions in limine may be useful to address the admissibility of
4  evidence.

### VIII. Further Proceedings and Scheduling

#### A. Defendant's Position

A notice of appeal of the order denying the motion to compel arbitration was filed on or about December 18, 2024. As a result, this action is automatically stayed. See, *Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023).

#### B. Plaintiff's Position

Plaintiff requests that the Court order the Parties to file an amended joint scheduling conference statement within 30 days of the Ninth Circuit's decision on Defendant's appeal of the order denying the motion to compel arbitration, and following the filing of such statement, set a further scheduling conference.

### IX. Trial

Plaintiff has requested trial by jury. The parties agree that it is premature to set a trial or estimate the trial length. The trial date, length, and appropriateness of trial-related procedures, including bifurcation of claims, defenses, damages, or other issues, judgment as a matter of law or on partial findings, or other special procedures would depend on the outcome of the class certification motion and motions for summary judgment.

Defendant further asserts that it is premature to set a trial or estimate the trial length because a notice of appeal of the order denying the motion to compel arbitration was filed on or about December 18, 2024. As a result, Defendant contends this action is automatically stayed. See, *Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023).

///
///
///

## X.    Settlement and Alternative Dispute Resolution

The Parties are not engaged in settlement negotiations at this time. The Parties agree that this matter is not appropriate for this District's Voluntary Dispute Resolution Program (VDRP).

Dated: December 26, 2024        Respectfully Submitted,

                         /s/ Carolyn H. Cottrell
Carolyn H. Cottrell
Ori Edelstein
Danielle A. Fuschetti
**SCHNEIDER WALLACE COTTRELL KONECKY LLP**

*Attorneys for Plaintiff and the putative Class*

Dated: December 26, 2024        Respectfully Submitted,

                         /s/ Cory D. Catignani
Cory D. Catignani
**VORYS SATER SEYMOUR AND PEASE LLP**

*Attorneys for Defendant*

Dated: December 26, 2024        Respectfully Submitted,

                         /s/ Mia Farber
Mia Farber
Benjamin J. Schnayerson
**JACKSON LEWIS, P.C.**

*Attorneys for Defendant*

4897-1386-6506, v. 2